## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JORDYN THULIN,

      Plaintiff,

                        CASE NO. 6:24-cv-899-PGB-LHP

vs.

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

      Defendant.

_____/

## DEFENDANT EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC.'S MOTION TO EXCLUDE PLAINTIFF'S UNTIMELY RULE 26(a)(1) DISCLOSURES OR, IN THE ALTERNATIVE, FOR SANCTIONS PURSUANT TO RULE 37(c)(1)

Defendant, EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC. ("Embry-Riddle"), respectfully moves the Court for an Order excluding the witnesses and information disclosed in Plaintiff's untimely Rule 26(a)(1) Initial Disclosures, or in the alternative, imposing other appropriate sanctions pursuant to Federal Rule of Civil Procedure 37(c)(1), and in support states:

### Introduction

1.　On September 13, 2024, Plaintiff filed her Amended Complaint (Doc. 31).

2.     This is an action arising under federal law currently pending in the Middle District of Florida. On September 3, 2024, the Court entered a Case Management and Scheduling Order (Doc. 23) requiring the parties to exchange their initial disclosures pursuant to Rule 26(a)(1) by September 30, 2024.

3.     Defendant timely served its initial disclosures.

4.     Plaintiff, however, failed to serve her initial disclosures until May 21, 2025—more than seven months past the Court-ordered deadline.

5.     The late submission includes a list of individuals likely to have discoverable information and a description of documents and tangible things that Plaintiff may use to support her claims.

6.     Plaintiff's delay is unjustified, unduly prejudicial to Defendant's ability to prepare its case, and in clear violation of Rule 26(a) and the Court's Scheduling Order. Accordingly, the Court should exclude the information and witnesses disclosed in Plaintiff's untimely submission.

## Legal Standard

7.     Federal Rule of Civil Procedure 37(c)(1) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Rule 37(c)(1) F.R.C.P.

8.     Courts in Florida and the Eleventh Circuit have upheld the exclusion of witnesses or evidence that were not timely disclosed under Rule 26 using Rule 37(c). Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. Rule 37 F.R.C.P.; *Bell v. Progressive Select Insurance Company*, 692 F.Supp.3d 1121 (2023) (Under Rule 26, a party must make disclosures at the times and in the sequence that the court orders. Fed. R. Civ. P. 26(a)(2)(D). A district court retains broad discretion to enforce this requirement and to manage trial).

9.     The non-disclosing party bears the burden of showing that the failure to comply with Rule 26 was substantially justified or harmless. *Martin-Viana v. Royal Caribbean Cruises Ltd.*, 733 F. Supp. 3d 1308, 1322 (S.D. Fla. 2024), reconsideration denied, No. 23-CV-21171, 2024 WL 3160676 (S.D. Fla. June 24, 2024) *citing Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009). In making this determination, the Court considers four factors: (1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Id.* "Prejudice generally occurs when late disclosure deprives the

opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question." *Id.*

## Argument

10.     Plaintiff's disclosures were untimely.   Plaintiff's disclosures, dated May 21, 2025, were served 233 days after the September 30, 2024 deadline. No motion for extension was filed. No justification has been offered.

11.     This failure is not a minor procedural misstep, instead it violates both Rule 26(a) and the Court's Scheduling Order and undermines the orderly progression of discovery in this case.

12.     The delay was neither substantially justified nor harmless. Plaintiff has offered no explanation for the delay, let alone one that would constitute "substantial justification" under Rule 37(c)(1).

13.     The delay is also not harmless. Defendant has relied on the absence of initial disclosures in formulating its case strategy, preparing depositions, and drafting dispositive motions.

14.     The witnesses named in the untimely disclosures—including personal contacts, family members, and ERAU personnel—raise serious evidentiary and trial preparation concerns, especially given the passing of key discovery deadlines.

15.     Because of this, exclusion and sanctions are appropriate.

4

16.    Exclusion is the default remedy under Rule 37(c)(1) unless Plaintiff can show her failure was substantially justified or harmless. Plaintiff cannot meet either burden.

17.    Should the Court decline to exclude the disclosures entirely, Defendant respectfully requests lesser sanctions including: (1) Prohibiting Plaintiff from relying on these disclosures for purposes of summary judgment or trial; (2) Awarding Defendant its attorneys' fees and costs incurred in preparing this motion under Rule 37(c)(1)(A); and (3) Reopening any closed discovery periods *at Plaintiff's expense*, if the Court permits the use of late-disclosed evidence.

## Conclusion

WHEREFORE, Defendant respectfully request the Court:

A.  Exclude Plaintiff's Rule 26(a)(1) Initial Disclosures in their entirety;

B.  Alternatively, impose sanctions under Rule 37(c)(1) including but not limited to attorneys' fees, preclusion of testimony, and an award of costs;

C.  Grant such other and further relief as the Court deems just and proper.

## Certificate of Compliance with Local Rule 3.01(g)

The undersigned attorney hereby certifies that she conferred with Plaintiff's counsel, Nicholas Castellano, II, Esq., on June 2, 2025, who indicated that they did not consent to the relief sought in this motion and additionally was planning to

5

address the deadlines in their filing seeking an amendment of the Case

Management Order.

Dated: June 11, 2025

**NELSON MULLINS RILEY &
SCARBOROUGH LLP**
*Attorneys for Defendant,*
*Embry-Riddle Aeronautical University, Inc.*

By: */s/ Shaina Stahl*
Shaina Stahl
Florida Bar No. 77643 (*Lead Counsel*)
Olivia R. Share
Florida Bar No. 1010866
390 N. Orange Avenue, Suite 1400
Orlando, FL 32801
(407) 839-4200
shaina.stahl@nelsonmullins.com
shawana.watt@nelsonmullins.com
olivia.share@nelsonmullins.com
allison.abbott@nelsonmullins.com

Marquetta Bryan *(Admitted Pro Hac Vice)*
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000
marquetta.bryan@nelsonmullins.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on June 11, 2025 which served a copy on the following:

Nicholas J. Castellano, II, Esq.
Buckman & Buckman, P.A.
2023 Constitution Blvd.
Sarasota, FL 34231
nick@buckmanandbuckman.com
*Attorneys for Plaintiff*

Kevin M. Griffith, Esq.
McIntosh Law
766 Hudson Avenue, Suite B
Sarasota, FL 34236
kgriffith@mcintoshlaw.biz
*Attorneys for Plaintiff*

*/s/ Shaina Stahl*
**SHAINA STAHL, ESQ.**