IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.: 6:24-cv-00899-PGB-LHP

JORDYN THULIN,

    Plaintiff,

vs.

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

    Defendant.

_____/

**PLAINTIFF'S MOTION FOR MODIFICATION OF THE SCHEDULING ORDER**

COMES NOW, Plaintiff, by and through her undersigned counsel, pursuant to Federal Rules of Civil Procedure 6(b) and 16(b)(4), and moves this Honorable Court for an Order Modifying the current Case Management and Scheduling Order (Doc. 23), alleging as follows:

**BACKGROUND AND FACTS**

1. The operative complaint in this matter, Plaintiff's First Amended Complaint (Doc. 31), was filed on September 13, 2024.

2. Thereafter, on October 30, 2024, Defendant filed a Motion to Dismiss counts IV through VIII of Plaintiff's First Amended Complaint and moved to strike paragraphs 11-14 of the Complaint under F.R.C.P. 12(f) (Doc. 41). Plaintiff filed her response to this Motion on November 13, 2024 (Doc. 42). This Motion remains pending before the Court.

1

3. At the time Defendant filed their Motion to Dismiss, they asked to forgo filing their Answer to Plaintiff's Amended Complaint until an Order was issued on their Motion to Dismiss. Plaintiff agreed, as the ruling on the Motion would significantly impact the scope of discovery and the recoverable damages in the case. To date, Defendant has yet to file any Answer to Plaintiff's Amended Complaint.

4. Defendant issued discovery requests on April 8, 2025, that included discovery concerning the negligence counts at issue. Plaintiff served responses to Defendant's interrogatories and requests for production, along with Plaintiff's Rule 26 disclosures, on May 21, 2025. Plaintiff also issued discovery requests to Defendant on May 28, 2025.

5. On June 2, 2025, Defendant sent a draft motion to the undersigned, which Defendant intends to file, asking the Court to exclude every witness and document included on Plaintiff's Rule 26 disclosures, due to the disclosures being untimely. In the alternative, Defendant intends to request that Plaintiff's attorneys be taxed attorneys fees, costs, and otherwise be subject to sanctions for these "untimely" disclosures.

6. At this point (and indeed, at the time of this writing), Defendant has not filed an Answer in this case, and the pleadings remain open. Plaintiff does not know what counts she will be able to proceed under, what Defendant's affirmative defenses are, or whether Defendant intends to file counterclaims (and if so, what those counterclaims may be).

7. Further, Defendant has noticed the depositions of Plaintiff and Plaintiff's mother for June 30 and July 1, 2025, over Plaintiff's objections.

8. The undersigned called counsel for the Defendant to confer on this issue on June 2, 2025. Counsel for Defendant indicated that she would not agree to modify the scheduling order in this case or the dates of the noticed depositions. However, if the Court grants the instant Motion, Defendant would agree to the modified dates proposed herein, with the exception of the expert disclosure deadline, which Defendant continues to object to under any circumstances.

9. Now, based on the foregoing, Plaintiff moves this Honorable Court for an Order modifying the scheduling order, to allow Plaintiff to prosecute her case with the basic foundational knowledge of the contents of Defendant's Answer, setting forth their affirmative defenses and counterclaims.

## MEMORANDUM OF LAW

### I. Legal Standard for Modification of the Scheduling Order

Pursuant to Rules 6 and 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order may be modified for good cause with the judge's consent. A request for enlargement of time under Rule 6 of the Federal Rules of Civil Procedure is left to the sound discretion of the district court. *See* Fed. R. Civ. P. 6; *Wilson v. Transworld Sys.,* 2000 U.S. Dist. LEXIS 15667 (M.D. Fla. 2000); *see also Beaufort Concrete Co. v. Atlantic States Construction Co.*, 352 F.2d 460, 462 (5th Cir. 1966) ("Rule 6(b) is a rule of general application giving wide discretion to

the court."); *Woods v. Allied Concord Financial Corp.*, 373 F.2d 733, 734 (5th Cir. 1967) (same).

## II.   Good Cause Exists to Modify the Scheduling Order

Pursuant to the current Scheduling Order, the following deadlines are in place:

- Discovery Deadline: July 1, 2025
- Mediation Deadline: July 16, 2025
- Dispositive Motion Deadline: August 4, 2025
- Meeting in Person to Prepare Joint Final Pretrial Statement: November 3, 2025
- Joint Final Pretrial Statement: November 17, 2025
- All Other Motions: November 24, 2025
- Final Pretrial Conference: December 16, 2026
- Trial Term: January 5, 2026

Given the fact that the pleadings are open and Defendant has failed to file an Answer, basic requirements of fairness and justice require the scheduling order to be modified. To force Plaintiff to proceed without knowing what claims she may bring, what defenses Defendant intends to rely on, and whether Defendant is bringing a counterclaim (and if so, what those counterclaims may be) would be severely and unduly prejudicial.

The prejudice to Plaintiff is amplified by the fact that Defendant specifically requested to forgo filing an answer until their Motion to Dismiss was resolved, and now wants to proceed with the current deadlines *without* filing an Answer at all, or, at a minimum, to do so within two weeks of the discovery deadline.

Instead, the correct course of action here is to modify the scheduling order

4

to allow time for Defendant to file their Answer, setting out their affirmative defenses and counterclaims, thereby providing Plaintiff her right to prosecute this case with the knowledge of not only what claims she may bring, but what defenses and counterclaims will be raised against her. Further, modification would allow both parties to conduct meaningful discovery and mediate this case productively.

In that vein, Plaintiff respectfully requests the Scheduling Order be modified to reflect the following deadlines and dates:

- Disclosure of Expert Reports:
    - Plaintiff: August 22, 2025
    - Defendant: September 19, 2025
- Discovery Deadline: October 31, 2025
- Mediation Deadline: October 31, 2025
- Dispositive Motion Deadline: November 28, 2025
- Meeting in Person to Prepare Joint Final Pretrial Statement: February 27, 2026
- Joint Final Pretrial Statement: March 13, 2026
- All Other Motions: April 3, 2026
- Final Pretrial Conference: May 8, 2026
- Trial Term: June 2026

These new deadlines would allow Defendant to file their Answer, and provide the Parties adequate time to conduct discovery. Counsel for the Parties can and will work together to ensure that discovery is completed no later than October 31, 2025.

Moreover, after conferring with Defendant's counsel, Defendant has agreed to these proposed deadlines (with the exception of the expert disclosure deadlines, which are discussed further below) if the Court grants the instant Motion.

5

## III. The Expert Disclosure Deadline Should Be Modified

While Defendant has agreed to the proposed modified deadlines (only in the event the Court grants this Motion), they do not agree to extend the expert disclosure deadlines. Failing to extend this deadline would result in undue prejudice to Plaintiff for the same reasoning provided above. At this point, she does not know what claims she is prosecuting, and the result of Defendant's Motion to Dismiss will significantly impact what experts, if any, are retained.

In their Motion to Dismiss, Defendant has challenged all of Plaintiff's negligence based claims. If Plaintiff is able to prosecute these causes of action, she intends to call her mental health counselor as an expert witness, to testify regarding the impact the events in this case has caused her, both in the past and in the future. If Plaintiff's negligence claims are dismissed, Plaintiff will not be calling this expert, as the remaining claims do not provide for such damages.

To force Plaintiff to retain experts prior to knowing whether she may bring the claims the expert is expected to testify on would not only be prejudicial to Plaintiff, but unnecessarily costly. Plaintiff is a student, still currently enrolled in flight school, who has needed to enter into personal loans to fund her aviation education. As the Court well knows, experts are costly, and forcing Plaintiff to retain experts before even knowing whether the claims the experts will testify on will survive the pleadings is unduly prejudicial.

Moreover, Plaintiff's ability to retain experts to refute any of Defendant's potential affirmative defenses or counterclaims would be completely destroyed if

6

the expert disclosure deadline is not extended. Here, Defendant is using their procured agreement to forgo filing an Answer as a sword and a shield, and this should not be allowed by the Court.

Again, the correct course of action here is to extend the deadlines as proposed herein (which the Defense has almost entirely agreed to, assuming this Motion is granted), allowing the parties to appropriately conduct discovery on a full set of pleadings and meaningfully mediate the case at the close of such discovery.

## CONCLUSION

WHEREFORE, based on the foregoing, Plaintiff respectfully requests that the Court enter an Order modifying the scheduling Order as proposed herein, and granting any such further relief that the Court deems just.

## L.R. 3.01(g) CERTIFICATION

In compliance with Local Rule 3.01(g), the undersigned hereby certifies that on June 2, 2025 and June 11, 2025, he conferred with Defendant's counsel, who indicated their position on the relief sought herein as explained in this Motion.

DATED this 11th day of June, 2025.

*/s/ Nicholas J. Castellano, II*
Nicholas J. Castellano, II, Esq.
Florida Bar Number: 0118601
Email: nick@buckmanandbuckman.com

*/s/ Kevin M. Griffith*
Kevin M. Griffith, Esq.
Florida Bar Number: 0102647
E-Mail: kgriffith@mcintoshlaw.biz

7

>
> **MCINTOSH LAW**
> 766 Hudson Ave., Suite B
> Sarasota, FL 34236
> Telephone: (941) 364-8002
> Fax:          (941) 957-0706
>
> *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 11, 2025, a copy of the foregoing was filed using the Federal Court's CM/ECF electronic filing portal, which automatically sends electronic notice and copies to all counsel of record.

>
> */s/ Nicholas J. Castellano, II*
> Nicholas J. Castellano, II, Esq.
> Florida Bar Number: 0118601