**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JORDYN THULIN,

      Plaintiff,

v.                                                           Case No:   6:24-cv-899-PGB-LHP

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

      Defendant

---

**ORDER**

Before the Court is Defendant Embry-Riddle Aeronautical University, Inc.'s Motion to Exclude Plaintiff's Untimely Rule 26(a)(1) Disclosures or, in the Alternative, for Sanctions Pursuant to Rule 37(c)(1). Doc. No. 43. The motion has been referred to the undersigned. On review, and for the reasons that follow, the motion (Doc. No. 43) will be denied.

Defendant filed the motion on June 11, 2025. Doc. No. 43. As relevant to resolution of the motion, at the time of filing, the Case Management and Scheduling Order ("CMSO") established September 30, 2024 as the deadline for mandatory initial disclosures, a discovery deadline of July 1, 2025, an August 4, 2025 dispositive motions deadline, and a January 5, 2026 trial date. Doc. No. 23.

Defendant argues that Plaintiff wholly failed to comply with the September 30, 2024 deadline for mandatory initial disclosures as set forth in the CMSO and as required by Federal Rule of Civil Procedure 26(a)(1). Doc. No. 43, at 2. Instead, and without explanation or motion to the Court, Plaintiff served her initial disclosures on Defendant on May 21, 2025. *Id.* at 2, 4. Defendant says that the disclosures include "a list of individuals likely to have discoverable information and a description of documents and tangible things that Plaintiff may use to support her claims," including "personal contacts, family members, and ERAU personnel." *Id.* Defendant does not attach the disclosures to the motion, however. Pursuant to Federal Rule of Civil Procedure 37(c)(1), Defendant moves to exclude Plaintiff's disclosures entirely, or alternatively to impose sanctions in the form of attorney's fees and the reopening of discovery at Plaintiff's expense. *Id.* at 5. Defendant argues that Plaintiff's failure was not substantially justified nor harmless, and that it was prejudiced by the late disclosure due to "serious evidentiary and trial preparation concerns, especially given the passing of key discovery deadlines." *Id.* at 4.

Plaintiff has responded in opposition. Doc. No. 47. Plaintiff does not dispute that she failed to timely make initial disclosures, but says that her failure was justified given that Defendant's motion to dismiss was pending at the time and

Defendant has never answered the complaint. *Id.* at 2, 5–7.[1] Plaintiff also argues that her failure was both substantially justified and harmless because Plaintiff filed a separate motion to extend the case deadlines. *Id.* at 2, 7–9. What Plaintiff does not explain, however, is why she missed the initial disclosure deadline in the first place or why she never sought relief from the Court in the form of an extension of the September 30, 2024 deadline. *See id.* Plaintiff then appears to insert objections to Defendant's depositions of Plaintiff and her mother given the then-pending motion to dismiss. *Id.* at 9–10.[2]

As set forth in Plaintiff's response, the same day Defendant filed its motion, Plaintiff filed a motion before the presiding District Judge seeking an extension of all case deadlines. Doc. No. 44. And during the pendency of Defendant's motion for sanctions, the presiding District Judge granted in part Plaintiff's request and issued an Amended Case Management and Scheduling Order ("Amended CMSO"), extending forthcoming case deadlines, to include an extension of the

---

[1] The Court denied the motion to dismiss on July 15, 2025, after Plaintiff's response was filed. Doc. No. 54.

[2] Plaintiff improperly imbeds this objection and/or request for affirmative relief related thereto in her response. *See* Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion."); *Armington v. Dolgencorp. Inc.*, No. 3:07-cv-1130-J-JRK, 2009 WL 210723, at *2 (M.D. Fla. Jan. 20, 2009) ("It is not appropriate to seek an order for affirmative relief in a response to a motion."). Nevertheless, because the deposition dates have now passed, the motion to dismiss has been denied, and for the various other reasons set forth in this Order, Plaintiff's imbedded objections to the depositions now appear to be moot and will not be further addressed herein.

discovery period through December 1, 2025, dispositive motions through January 5, 2026, and setting trial for the term commencing June 1, 2026.  Doc. Nos. 48-49.[3]

Given the issuance of the Amended CMSO, the undersigned directed Defendant to file a reply brief addressing whether the issuance thereof had any effect on its motion, particularly given Defendant's claims of prejudice based on the prior case deadlines.  Doc. No. 52.  In reply, Defendant maintains that it has been prejudiced by Plaintiff's failure, given that it previously engaged in discovery without the disclosures, and in essence, that it will now have to litigate this case in full.  Doc. No. 53, at 3–5.  Defendant also maintains that sanctions are warranted to punish Plaintiff for her failures, and that without a sanction, Plaintiff will suffer no consequences therefor.  *Id.* at 5.

Generally, each party is required to provide the name of any individual who is likely to have discoverable information that the disclosing party may use to support its claims or defenses, along with a copy or description of all documents and tangible things that the disclosing party may use to support any claims or defenses.  Fed. R. Civ. P. 26(a)(1)(A)(i), (ii).  Pursuant to Federal Rule of Civil

---

[3] The presiding District Judge extended only forthcoming case management deadlines, which did not include an extension of the deadlines related to experts or an extension of the initial disclosure deadline.  Doc. Nos. 48, 49.  Plaintiff has filed another motion to extend expert-related deadlines, which remains pending before the presiding District Judge.  Doc. No. 50.  Nothing in this Order shall be construed to speak to that motion, and this Order addresses mandatory initial disclosures under Rule 26(a)(1) alone.

Procedure 37, "[i]f a party fails to provide information or identify a witness required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Where, as here, a party seeks to enforce Rule 37's sanctions, '[t]he burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party.'" *Dragon Jade Int'l, Ltd. v. Ultroid, LLC*, No. 8:17-cv-2422-T-27CPT, 2019 WL 5887171, at *3 (M.D. Fla. Nov. 12, 2019) (quoting *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009)).

"The court has broad discretion in deciding whether a failure to disclose evidence is substantially justified or harmless under Rule 37(c)(1)." *Cinclips, LLC v. Z Keepers, LLC*, No. 8:16-cv-1067-T-23JSS, 2017 WL 2869532, at *3 (M.D. Fla. July 5, 2017) (citation omitted). "In determining whether a failure to disclose evidence is substantially justified or harmless, courts are guided by the following factors: (1) the unfair prejudice or surprise of the opposing party; (2) the opposing party's ability to cure the surprise; (3) the likelihood and extent of disruption to the trial; (4) the importance of the evidence; and (5) the offering party's explanation for its failure to timely disclose the evidence." *Id.* (citing *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1250–51 (M.D. Fla. 2012); *see also Denson v. Kinney*, No. 2:21-cv-497-JES-NPM, 2023 WL 2914512, at *1 (M.D. Fla. Apr. 12, 2023) ("As a matter well within a trial court's case-management discretion, courts have

considered a variety of factors to determine whether a late disclosure is substantially justified or harmless, such as: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." (citations and quotation marks omitted)); *Jordan v. IAP Worldwide Servs., Inc.*, No. 6:18-cv-1610-Orl-37EJK, 2019 WL 13152019, at *2 (M.D. Fla. Oct. 23, 2019) (same).[4]

Here, the Court declines to find substantial justification for Plaintiff's failure. Plaintiff never explains why she missed the September 30, 2024 initial disclosures deadline, nor did she ever seek any relief from the Court regarding an extension of her deadline. Doc. No. 47. Although Plaintiff relies on the pendency of Defendant's motion to dismiss for failing to make initial disclosures, Plaintiff cites no legal authority demonstrating that pendency of the motion would have any effect on the Court-imposed initial disclosure deadline, particularly where there

---

[4] Defendant cites only three cases on this issue in its motion and reply: *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009), *Martin-Viana v. Royal Caribbean Cruises Ltd.*, 733 F. Supp. 3d 1308, 1322 (S.D. Fla. 2024), and *Bell v. Progressive Select Ins. Co.*, 692 F. Supp. 3d 1121 (M.D. Fla. 2023). These cases concerned the failure to properly disclose experts under Federal Rule of Civil Procedure 26(a)(2), however, and did not address the application of Rule 37(c)(1) to disclosures under Rule 26(a)(1). Thus, the Court finds these cases inapplicable and applies the standards for disclosures under Rule 26(a)(1).

was never a stay of any case deadlines or discovery in this case. *Id.*; *see also* Doc. No. 48, at 3 ("The Court notes that the pendency of a dispositive motion does not stay the remaining deadlines in the case."); Doc. No. 23, at 2 ("The parties are advised that the pendency of a dispositive motion, such as a motion to dismiss or for summary judgment, does not stay the deadline for completion of discovery. Parties who elect to forego discovery on the merits of any claim or defense due to the pendency of a dispositive motion or for any other reason, without leave of Court, will not be entitled to an extension of the deadlines set forth in this order."); Doc. No. 49, at 2 (same). Accordingly, Plaintiff's substantial justification argument is a non-starter, and relatedly, the fifth factor under consideration, "explanation for [her] failure to timely disclose the evidence," weighs against Plaintiff.

That said, the Court finds the untimely disclosure harmless on the facts of this case, and that the remainder of the considerations weigh against Defendant. As far as surprise, Defendant has provided the Court insufficient information to even evaluate this factor, as Defendant never provided Plaintiff's initial disclosures to the Court, and it is not clear from the parties' briefing whether there was any surprise at all or whether Defendant knew about the information/witnesses before Plaintiff's disclosure. *Cf. Cinclips, LLC*, 2017 WL 2869532, at *4 (failure to disclose harmless where the movant knew about the information even absent disclosure). Regarding ability to cure, as discussed above, the case deadlines have now been

extended, and there is still over four months remaining to conduct discovery in this case. *Cf. Acciard v. Whitney*, No. 2:07-cv-476-FtM-36DNF, 2011 WL 13294620, at *3 (M.D. Fla. Aug. 23, 2011) (failure to disclose harmless where deadlines could be extended to allow deposition of undisclosed witness); *see also Kilpatrick v. Breg, Inc.*, No. 08-10052-CIV, 2009 WL 10668288, at *2 (S.D. Fla. May 19, 2009) ("Plaintiff has had significant advance notice of this witness and has adequate time to complete a deposition; therefore, any prejudice to Plaintiff is de minimis.").[5]  The likelihood of a disruption of trial weighs against Defendant for the same reason, as trial is now scheduled for the June 1, 2026 trial term.  Doc. No. 49.  And finally, the importance of the evidence weighs in favor of Plaintiff because Plaintiff argues that wholly precluding all evidence listed on the late-filed disclosures would essentially preclude Plaintiff from presenting the merits of her case.  *See* Doc. No. 47, at 7; *cf. Burke v. Lab'y Corp. of Am.*, No. 8:08-cv-2072-T-24TGW, 2009 WL 3157633, at *2 (M.D. Fla. Sept. 25, 2009) (declining to wholly exclude undisclosed deposition testimony that was important to case even with lack of substantial justification given minimum prejudice).

---

[5] Notably, even the authority on which Defendant relies states that "[p]rejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question."  Doc. No. 43, at 3–4 (quoting *Martin-Viana v. Royal Caribbean Cruises Ltd.*, 733 F. Supp. 3d 1308, 1322 (S.D. Fla. 2024)).  The extended case management deadlines clearly provide Defendant with that opportunity.

Thus, while the Court does not condone Plaintiff's conduct regarding the late-filed disclosures, Defendant has not demonstrated that the extreme sanction it seeks—wholly precluding the disclosures—is warranted on the facts of this case.[6] Indeed, Defendant cites no legal authority at all akin to the facts here, where disclosures were made during discovery, the prejudice could be (and in fact was) cured by an extension of case deadlines, and where the sanctions Defendant seeks were actually imposed under similar circumstances.  Doc. Nos. 43, 53.  Nor has Defendant demonstrated that the alternative sanction sought—having Plaintiff pay for any forthcoming discovery—appropriate on the facts of this case as Defendant fails to cite any legal authority in support, fails to identify any such discovery with specificity, and fails to demonstrate how said discovery would be attributable specifically to Plaintiff's untimely disclosures.  *Id.*

"In the end, the Court has substantial discretion in deciding whether and how to impose sanctions under Rule 37."  *Dragon Jade Int'l, Ltd.*, 2019 WL 5887171, at *3.  And for the reasons set forth above, the undersigned does not find the sanctions

---

[6] The undersigned notes that although Plaintiff failed to comply with the initial disclosure deadline in September 2024, Defendant did nothing about it, such as filing a motion to compel regarding the disclosures.  *Cf. Bowers v. Am. Heart Ass'n, Inc.*, No. 1:06-CV-2989-CC, 2008 WL 11407360, at *3 (N.D. Ga. Dec. 2, 2008) (finding failure to file motion to compel regarding insufficient disclosures did not excuse the failure but could support finding of harmlessness, as "rather than promptly bringing the insufficiencies of Plaintiff's responses to the Court in a motion to compel, Defendants simply waited to cry prejudice . . .").

sought by Defendant warranted on the facts of this case. Accordingly, Defendant's Motion to Exclude Plaintiff's Untimely Rule 26(a)(1) Disclosures or, in the Alternative, for Sanctions Pursuant to Rule 37(c)(1) (Doc. No. 43) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on July 17, 2025.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties