# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JORDYN THULIN,

        Plaintiff,

v.                                    Case No:   6:24-cv-899-PGB-LHP

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

        Defendant

_____

## ORDER

Before the Court is Plaintiff's Amended Time-Sensitive Motion to Compel Entry onto Land.   Doc. No. 69.   The Court has also considered Defendant's response (Doc. No. 73), and Plaintiff's authorized reply (Doc. No. 81).    On review, the motion (Doc. No. 69) will be **GRANTED in part and DENIED in part**,[1] for the reasons that follow.

---

[1] By her motion, Plaintiff requested expedited relief and the inspection on a date certain of November 21, 2025.   Doc. No. 69, at 1–2.   But as the Court previously stated, "preferences of Plaintiff do not an emergency make."   Doc. No. 78, at 1.   Accordingly, to the extent that Plaintiff requests expedited relief or inspection on a date certain that has already passed, the motion will be denied.

This case involves Plaintiff's claims against Defendant for violations of Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681(a), breach of contract, and negligence arising from a sexual battery and sexual harassment committed against Plaintiff while she was a student at Defendant's Daytona Beach campus, by her flight instructor, Jacob Scanlon, an employee of Defendant.   Doc. No. 31; *see also* Doc. No. 1.   Discovery in this matter closed on December 1, 2025. Doc. No. 49.[2]

On October 31, 2025, Plaintiff served on Defendant a Request for Entry onto Land, which sought inspection of "Defendant's Daytona Beach Campus and an exemplar Cessna 172 aircraft (identical or virtually identical to the aircraft used by Plaintiff in her training flights with instructor Jacob Scanlon), to be inspected, measured, surveyed, and photographed, at a time mutually convenient to the parties and their counsel within the next thirty (30) days."   Doc. No. 69-1.   Plaintiff seeks to inspect the aircraft based on her allegations that during flight instruction, Mr. Scanlon "reached across her body to push a 'lights' button, and in doing so, touched her upper thigh for approximately twenty (20) seconds," with Plaintiff anticipating that Defendant will argue that said touching was merely incidental.

---

[2] Although there are two pending motions that request discovery-related deadline extensions, *see* Doc. Nos. 79, 83, at present, neither motion has been ruled upon, and thus the discovery deadline currently remains December 1, 2025.   *See* Doc. No. 49.

Doc. No. 69, at 2.   Plaintiff also contends that Mr. Scanlon stalked her repeatedly on campus, and that Plaintiff requested from Defendant security footage from outside of her classroom building when the stalking occurred, but Defendant never retrieved said videos and they no longer exist.   *Id.* at 2–3.   Therefore, Plaintiff seeks to compel inspection of the aircraft and portions of Defendant's campus, over Defendant's objection.   *Id.*

In response, Defendant argues that Plaintiff's motion is untimely because it was filed two weeks before the close of discovery "amid academic year-end and holiday disruptions."   Doc. No. 73, at 2.   Defendant also contends that the aircraft Plaintiff seeks to inspect and photograph—a Cessna 172—is a standard training aircraft used across the industry, and thus Plaintiff fails to demonstrate that she needs access to Defendant's campus as the aircraft are widely available elsewhere, and indeed, Plaintiff uses the same model aircraft for ongoing flight lessons.   *Id.* at 2–3.   Defendant further argues that by her motion, Plaintiff improperly expands her inspection request beyond the aircraft to other areas of Defendant's campus, which are irrelevant to the claims in this case.   *Id.* at 3.   Finally, Defendant argues that the request is harassing and unduly burdensome, such that inspection "disrupts operations and requires staff presence without legitimate need."   *Id.*

Plaintiff, of course, disputes each of these contentions in reply.   Doc. No. 81. Plaintiff also notes that during conferrals, she agreed to limit the inspection of

Defendant's campus to the aircraft and the areas of campus outside of the classroom buildings where Plaintiff actually took classes, and she has agreed not to enter any classroom buildings.  *Id.* at 4.

Federal Rule of Civil Procedure 34 permits a party to serve "a request within the scope of Rule 26(b) . . . to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it."  Fed. R. Civ. P. 34(a)(2).  If a party "fails to permit inspection . . . as requested under Rule 34" the "party seeking discovery may move for an order compelling . . . inspection."  Fed. R. Civ. P. 37(a)(3)(B)(iv).

"A court evaluating a request to permit entry under Rule 34 will consider the relevance of the inspection and balance the value of the information sought with the burden of the proposed intrusion."  *Alum Fund, LLC v. Greater Nevada Credit Union*, No. 2:23-cv-1159-JLB-KCD, 2024 WL 1907276, at *2 (M.D. Fla. May 1, 2024) (citations omitted)).  "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant.  Evidence is relevant if it has any tendency to make the existence of any fact or consequence more or less probable than it would be without the evidence."  *Bemesderfer v. United Parcel Serv., Inc.*, No. 6:22-cv-270-PGB-EJK, 2023 WL 2810703, at *2 (M.D. Fla. Apr. 6, 2023) (citations and quotation marks omitted).

Upon consideration, the Court finds Plaintiff's motion well taken.  As an initial matter, although Defendant argues that Plaintiff's motion is untimely, Defendant fails to demonstrate how.  The request for inspection was served on October 31, 2025, Plaintiff filed her motion to compel on November 14, 2025, and discovery closed on December 1, 2025.  Doc. Nos. 49, 69, 69-1.  Defendant cites no legal authority demonstrating that a motion (for Rule 34 inspection or otherwise) filed two weeks before discovery closed by itself renders it untimely.  *See* Doc. No. 73, at 2.

To the extent that Defendant argues that Plaintiff's motion to compel improperly expands inspection beyond the aircraft, such contention is also unpersuasive, as Plaintiff's Request for Entry onto Land was not so limited.  *See* Doc. No. 69-1 (emphasis added) (referencing "Defendant's Daytona Beach Campus *and* an exemplar Cessna 172 aircraft").  Further, Defendant's protestations aside, the information sought by inspection—photographs of a model aircraft that Plaintiff used on Defendant's campus and where the alleged sexual misconduct took place, as well as inspection and photographs of the outside of classroom buildings where security footage allegedly should have been taken of her stalking allegations—are clearly relevant.  *See, Moxley v. Winn Dixie Montgomery, LLC*, No. 2:12CV457-MEF, 2014 WL 169877, at *1 (M.D. Ala. Jan. 15, 2014) (permitting

inspection and photographing of areas of business where alleged sexual harassment took place).

Defendant also argues that the aircraft—a Cessna 172—is not unique, but is rather a standard training aircraft across the industry with comparable aircraft therefore available elsewhere, and Plaintiff flies the same model aircraft in her ongoing flight lessons.   Doc. No. 73, at 2–3.   Plaintiff, on the other hand, says that the aircraft she currently flies are significantly older than the aircraft used at Defendant's campus, and Plaintiff cannot ensure that she could secure a similar aircraft to those maintained by Defendant elsewhere, by a different flight school or otherwise.   Doc. No. 81, at 2.   Plaintiff further argues that allowing her to photograph the aircraft specifically at Defendant's campus will curb any admissibility challenges by Defendant to photographs of different aircraft not used by Defendant on its campus.   *Id.* at 2–3.

Defendant cites no legal authority supporting its apparent position that Plaintiff must first seek comparable information from third parties rather than Defendant, and the Court has not located any.[3]   To be sure, this is also not a situation where Defendant is arguing that comparable information is available during the normal discovery process, by interrogatories, requests for production,

---

[3] While Defendant's response was filed within the confines of the word limitations of the Standing Order on Discovery Motions, Defendant has not requested any additional briefing, although it could have.   *See* Doc. No. 25 ¶ 7.

depositions, or the like.    *Cf. Johnson v. Med. Bus. Consultants Inc.*, No 8:19-cv-01079-T-35SPF, 2020 WL 13358548, at *1 (M.D. Fla. Feb. 20, 2020) (denying motion to compel site inspection where information sought could be obtained through depositions and requests for production).    Given the liberal standards for discovery, the Court finds Plaintiff's request for limited inspection well taken.    *See generally Aspen Specialty Ins. Co. v. Yin Invs. USA, LP*, No. 6:20-CV-00153, 2021 WL 4170794, at *1 (E.D. Tex. July 16, 2021) ("Rule 34 must be applied in connection with Rule 26, which federal courts have interpreted as embracing a policy of broad and liberal discovery." (citing *Dollar v. Long Mfg. N.C., Inc.*, 561 F.2d 613, 616 (5th Cir. 1977))); *see also, e.g.*, *Moxley*, 2014 WL 169877, at *1 (M.D. Ala. Jan. 15, 2014) (permitting inspection and photographing of areas where alleged sexual harassment took place); *Flick v. Wellpoint, Inc.*, No. 2:08-CV-211JVBPRC, 2009 WL 1564386, at *2 (N.D. Ind. June 2, 2009) (permitting inspection of offices where alleged sexual harassment took place in order to photograph the layout of the offices); *Banks v. Interplast Grp., Ltd.*, No. CIV.A.V-02-92, 2003 WL 21185685, at *1 (S.D. Tex. Apr. 16, 2003) (permitting inspection of employer's plant for the limited purpose of photographing the location of the offices of the plaintiff's supervisors and the locations where alleged harassment took place).

Finally, to the extent that Defendant argues that the request is "harassing and unduly burdensome," the argument is wholly conclusory, *see* Doc. No. 73, at 3, and

such conclusory argument fails to provide a basis to deny inspection here.
Notably, Defendant cites no specific examples of burden or harassment, does not
provide any evidence to support same, and thus has not demonstrated that on
balance, the relevance of the information sought by inspection is outweighed by the
burden of the proposed intrusion.   *See generally Alum Fund, LLC*, 2024 WL 1907276,
at *2 (setting forth balancing standard); *see also Llanten v. Am. Sec. Ins. Co.*, No. 8:16-
cv-2835-T-35JSS, 2017 WL 951629, at *4 (M.D. Fla. Mar. 10, 2017) ("[T]he mere fact
that compliance with an inspection order will cause great labor and expense or even
considerable hardship and possibility of injury to the business of the party from
whom discovery is sought does not of itself require denial of the motion." (citation
omitted)).[4]

Accordingly, upon due consideration, Plaintiff's motion (Doc. No. 69) is
**GRANTED in part**.   It is **ORDERED** as follows:

1.    Plaintiff will be permitted to enter Defendant's Daytona Beach campus
to conduct inspection as follows:

- To inspect measure, survey, and photograph an exemplar Cessna
172 aircraft (identical or virtually identical to the aircraft used by

---

[4] The Court notes that according to Plaintiff, Defendant's corporate representative testified that the Daytona Beach campus is an "open campus," such that anyone can presumably enter, and that Defendant's website says that as of July 27, 2023, Defendant has eighty-seven (87) Cessna 172s on the Daytona Beach campus.   Doc. No. 81, at 4–5.

Plaintiff in her training flights with instructor Jacob Scanlon), *see* Doc. No. 69-1; and

- To inspect the Daytona Beach campus limited to "the outside of those classroom buildings in which Plaintiff actually took classes," with Plaintiff's agreement that she shall not enter any classroom buildings, *see* Doc. No. 81, at 4.

2.      The inspection shall occur on or before **January 5, 2026**.

3.      On or before **December 8, 2025**, the parties shall meet and confer to agree on a mutually agreeable date and time for the inspection as set forth above.

4.      On or before **5:00 p.m. on December 9, 2025**, the parties shall file a joint notice setting forth the date and time of the inspection.

5.      Given that discovery is now closed, *see* Doc. No. 49, and absent a Court-ordered extension, this Order permits the inspection only, and does not otherwise extend any other deadlines, including the discovery deadline, in this case.    Nor may the parties rely on this Order to support a request for an extension of any other deadline in this case.   This Order also does not speak to the other pending motions requesting extensions of the discovery period (Doc. Nos. 79, 83).

The motion (Doc. No. 69) is **DENIED in all other respects.**

      **DONE** and **ORDERED** in Orlando, Florida on December 3, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record