# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JORDYN THULIN,

   Plaintiff,

v.             Case No: 6:24-cv-899-PGB-LHP

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

   Defendant

_____

## ORDER

   Before the Court is Embry-Riddle Aeronautical University, Inc.'s Motion to Compel and for Correlating Enlargement of Time. Doc. No. 83. Plaintiff has responded in opposition, Doc. No. 89, and Defendant has filed an authorized reply, Doc. No. 97, *see also* Doc. No. 90. Upon consideration, Defendant's motion will be **GRANTED in part**, for the reasons that follow.

   Discovery closed in this matter on December 1, 2025, Doc. No. 49, and has been extended only for the limited purpose of certain expert depositions, Doc. No. 95. Dispositive motions are due March 2, 2026. Doc. No. 95.

   Defendant filed the instant motion on the December 1, 2025 discovery deadline. Doc. No. 83. The motion concerns two depositions, Plaintiff's October

30, 2025 deposition, and the November 18, 2025 deposition of Plaintiff's mother, Trisha Thulin. *Id.*[1]   As to Plaintiff's deposition, Defendant contends that at deposition Plaintiff disclosed that she had not produced all text messages between herself and the accused harasser in this case, Jacob Scanlon, despite a discovery request for "any communications between Plaintiff and Scanlon." *Id.* at 2. Plaintiff did not produce the complete text messages until after deposition on November 24, 2025. *Id.*   Defendant wishes to depose Plaintiff about those text messages. *Id.*; Doc. No. 97.

Regarding Trisha Thulin's deposition, Defendant says that Plaintiff's counsel made several objections at her deposition based on the attorney-client privilege with instructions not to answer, without any indication on when Plaintiff's counsel began representing Trisha Thulin individually. Doc. No. 83, at 3.[2]   Defendant seeks evidence regarding same, and if appropriate, to re-depose Trisha Thulin on the questions to which improper objections were lodged. *Id.*   Defendant also

---

[1] The motion arguably fails to comply with the Standing Order on Discovery Motions as Defendant did not attach any deposition transcripts or document requests. *See* Doc. No. 25, ¶ 3.   However, Plaintiff does not raise this issue in response, and given that discovery is now closed, the Court has chosen to address the motion on the merits, but reminds all parties and their counsel of their obligations to comply in full with all applicable Court orders and Local Rules.

[2] According to the motion, "Plaintiff's counsel was unable to provide a date that he first began to represent Trisha, individually." Doc. No. 83, at 2.   Plaintiff does not dispute this in response, nor provide a date.   Doc. No. 89.

seeks a 60-day extension of the discovery period to accomplish these tasks, and says that the information is necessary for dispositive motions.    *Id.* at 3–4; Doc. No. 97.

For her part, Plaintiff does not dispute that she did not timely produce all text messages between Mr. Scanlon and herself, nor does she dispute that Defendant properly requested same during discovery.    Doc. No. 89, at 1–2.    Instead, Plaintiff says that Defendant can conduct cross-examination at trial regarding the text messages, and Defendant has "exhausted (or very nearly exhausted)" the time for Plaintiff's deposition.    *Id.* at 2.[3]    As to Trisha Thulin, Plaintiff contends that Defendant seeks irrelevant information that is subject to the attorney-client privilege, suggesting, without outright saying, that Plaintiff's counsel represents Trisha Thulin individually.    *Id.*    So, Plaintiff opposes both requests, and also opposes an extension of the discovery period for these purposes.    *Id.* at 2–3.

Upon consideration, the Court finds Plaintiff's arguments unpersuasive. Given that Plaintiff does not dispute that she did not timely provide all communications between herself and Mr. Scanlon to Defendant prior to the deposition despite a proper discovery request for same, the Court finds that allowing a limited re-deposition of Plaintiff regarding the text messages appropriate, as set forth below.    *Cf. Daniel v. Navient Sols., LLC*, No. 8:17-cv-2503-

_____

[3] In reply, Defendant says that Plaintiff was deposed for 6 hours and 13 minutes. Doc. No. 97, at 4.    Regardless, the Court notes that the 7-hour, one-day limitations may be altered by court order.    Fed. R. Civ. P. 30(d)(1).

T-24JSS, 2019 WL 12528989, at *3 (M.D. Fla. Jan. 10, 2019) (finding limited second deposition of corporate representative proper where the defendant delayed in timely producing the discovery at issue).

Further, given that there is no dispute that at Trisha Thulin's deposition Plaintiff's counsel raised objections based on attorney-client privilege with instructions not to answer, and that Plaintiff's counsel did not identify the date the attorney-client relationship began, the Court likewise finds that discovery, as limited below, on this issue is appropriate.    *See generally Regions Bank v. Kaplan*, No. 8:12-cv-1837-T-17MAP, 2015 WL 5687882, at *1 (M.D. Fla. Sept. 25, 2015) ("The party invoking a privilege has the burden of proving its existence." (citations omitted)).

Based thereon, the Court will also permit a limited extension of the discovery deadline for these purposes only.

Accordingly, it is **ORDERED** as follows:

1.    Defendant's Motion to compel and for Correlating Enlargement of Time (Doc. No. 83) is **GRANTED in part**.

2.    Defendant will be permitted to re-depose Plaintiff **within thirty (30) days** of the date of this Order.   Fed. R. Civ. P. 30(a)(2)(A)(ii), (d)(1).   The deposition shall not exceed **one (1) hour** in length, and shall be limited to addressing the text messages Plaintiff produced to Defendant on November 24, 2025.

3.      Within **seven (7) days** of the date of this Order, the parties shall meet and confer regarding the date for Plaintiff's deposition.   On or before that date, the parties shall file a joint notice with the Court setting forth the date, time, and location of the deposition.    If the parties are unable to reach an agreement by that date, Defendant shall file a notice stating same, and the Court will set the deposition on its own accord.

4.      On or before **January 2, 2026**, counsel for Plaintiff (Nicholas J. Castellano, II, Esq., or Kevin M. Griffith, Esq.), and/or Ms. Trisha Thulin, shall serve on Defendant an affidavit or declaration in accordance with 28 U.S.C. § 1746 stating whether an attorney-client relationship exists between Plaintiff's counsel and Trisha Thulin, and if so, the date that the attorney-client relationship began.   Said affidavit shall be supported by, if applicable, the fee/retainer agreement.   *See generally Soricelli v. GEICO Indem. Co.*, No. 8:16–cv–1535–T–30TBM, 2017 WL 275967, at *4 (M.D. Fla. Jan. 20, 2017) ("Courts in this Circuit have concluded fee agreements or retainer agreements generally are not privileged." (citations and quotation marks omitted)).[4]

---

[4] To the extent that Plaintiffs' counsel or Trisha Thulin contend that privileged information exists within the fee agreement, "such that it contains mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorneys, such opinions may be redacted."   *See Soricelli*, 2017 WL 275967, at *4.

5.      On or before **January 9, 2026**, if appropriate based on the affidavit/declaration provided, Defendant may file a renewed motion regarding a second deposition of Trisha Thulin.   The Standing Order on Discovery Motions will apply to any such motion, as well as Plaintiff's response.     *See* Doc. No. 25.     Defendant shall include any affidavit/declaration received pursuant to this Order as an attachment to the motion, and Defendant shall also attach the transcript of Trisha Thulin's deposition.   Failure to comply with these requirements will result in the summary denial of the motion.

6.      Defendant's motion (Doc. No. 83) is **DENIED in all other respects**.

7.      **This Order authorizes the limited discovery set forth herein, and the December 1, 2025 discovery deadline is not otherwise extended (subject to the limited exceptions discussed above, *see also* Doc. No. 95).   Nor may the parties rely upon this Order to support a request for an extension of any other deadline in this case.**

**DONE** and **ORDERED** in Orlando, Florida on December 15, 2025.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record